IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELL SPOHN WRIGHT, | ) | Case No. 3:20-cv-100 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff Marcell S. Wright ("Wright") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Court finds that the Plaintiff's Motion for Summary Judgment should be **GRANTED** to the extent that Wright seeks remand for further consideration. Therefore, this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion.

## I.    Procedural History

On May 15, 2017, Wright filed an application for DIB, alleging a disability onset date of April 28, 2017. (Tr. 59). Wright's application was initially denied on July 11, 2017. (Tr. 119). An Administrative Law Judge ("ALJ") held a hearing on December 6, 2018. (Tr. 59). The ALJ issued a decision on March 13, 2019, finding that Wright was not disabled. (Tr. 59-72). On March 30, 2020, the Appeals Council denied Wright's request for review of the ALJ's decision. (T. 1-6).

Wright appealed to this Court, where the parties' motions for summary judgment (ECF Nos. 13, 15) are now pending.

## II.    Issue Presented

Wright presents the following issue for review:

1. [Whether] [t]he ALJ's [residual functional capacity ("RFC")] finding is contrary to law and not supported by substantial evidence, as it does not account for all the limitations documented by the record. (ECF No. 14 at 1).

## III.    Discussion

### a.    Standard of Review

This Court's review is limited to a determination of whether the Commissioner's Decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014). "The Commissioner's findings of fact are binding if they are supported by substantial evidence." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). Substantial evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. Nat'l Labor Rels. Bd.*, 305 U.S. 197, 229 (1938)). Substantial evidence "is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Zirnsak*, 777 F.3d at 610 (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). The Court "review[s] the record as a whole to determine whether substantial evidence supports a factual finding." *Id.* (quoting *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v.*

*Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Finally, the Court "review[s] the ALJ's application of the law de novo." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007).

### b.  Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process.  20 C.F.R. § 404.1520(a)(4).  "First, the Commissioner considers whether the claimant is 'engaging in substantial gainful activity.'" *Zirnsak*, 777 F.3d at 611 (quoting 20 C.F.R. § 404.1520(a)(4)(i)).  If the claimant is engaging in substantial gainful activity, then the claimant is not disabled. *Id.* "Second, the Commissioner considers the severity of the claimant's impairment(s)." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(ii).  If at step two "the claimant's impairment(s) are either not severe or do not meet the duration requirement, the claimant is not disabled." *Id.* "Third, the Commissioner considers whether the claimant's impairment(s) meet or equal the requirements of one of the Commissioner's listed impairments." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(iii)). If at step three "the claimant's impairment(s) meet [or exceed] the requirements of a listed impairment, then the claimant is disabled." *Id.*

If the claimant's impairments do not meet or exceed a listed impairment "then the inquiry proceeds to the fourth step, where the Commissioner considers whether the claimant can return to her past work." *Id.* In determining whether the claimant can perform past relevant work, the claimant's residual function capacity ("RFC") is assessed. *Id.* "A claimant's RFC measures 'the most [she] can do despite [her] limitations.'" *Id.* (quoting 20 C.F.R. § 404.1545(a)(1)) (alterations in original).  In assessing the claimant's RFC, the "Commissioner examines 'all of the relevant medical and other evidence' to make its RFC determination." *Id.* (quoting 20 C.F.R. § 404.1545(a)(3)). If the claimant can perform past relevant work, then the claimant is found not

to be disabled. *Id.* The claimant bears the burden of satisfying the first four steps by a preponderance of the evidence. *Id.*

Claims filed on or after March 27, 2017, are subject to new Social Security regulations regarding the evaluation of medical opinions and administrative medical findings. 20 C.F.R. § 404.1520c. The new standard eliminates the treating source rule which required the ALJ to give more weight to medical opinions from treating sources. *Compare* 20 C.F.R. § 404.1527(c)(2), *with* 20 C.F.R. § 404.1520c(a). Under the new approach, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Id.* at § 404.1520c(a). Instead, the ALJ is required to articulate how persuasive he or she finds medical opinions and prior administrative findings. *Id.* at § 404.1520c(b). In doing so, the ALJ shall consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors such as familiarity with other evidence in a claim or new evidence received after the opinion which makes the findings more or less persuasive. *Id.* at § 404.1520c(c). The most important factors considered are supportability and consistency. *Id.* at § 404.1520c(a); *see also id.* at § 404.1520c(b)(2). Therefore, the ALJ must explain how he or she considered the supportability and consistency of an opinion, but he or she is not required to discuss how he or she considered the remaining factors. *Id.* at § 404.1520c(b)(2). When opinions are equally supported and consistent with the record on the same issue but are not exactly the same, the ALJ must articulate how the other factors contributed to his or her decision. *Id.* at § 404.1520c(b)(3). Additionally, the ALJ is not required to disclose how he or she considered evidence from nonmedical sources. *Id.* at § 404.1520c(d).

At step five, "the Commissioner bears the burden of establishing the existence of other available work that the claimant is capable of performing." *Id.* at 612 (citing 20 C.F.R. § 404.1520(a)(4)(v)); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987)). To meet this burden, "the Commissioner must produce evidence that establishes that 'work exists in significant numbers in the national economy that [the claimant] can do.'" *Id.* (quoting 20 C.F.R. § 404.1560). The Commissioner uses the RFC, as well the testimony of vocational experts and specialists, to establish that work exists in significant numbers in the national economy that the claimant can perform. *Id.* "[E]ntitlement to benefits is dependent upon finding the claimant is incapable of performing work in the national economy." *Id.* (internal quotation marks omitted).

### c. The ALJ's Evaluation of Wright

At step one, the ALJ found that Wright did not engage in substantial gainful activity during the period from her alleged onset date of April 28, 2017, through the date she last met the insured status requirements of the Social Security Act on June 30, 2018. (Tr. 61). At step two, the ALJ found that Wright "had the following severe impairments: cervicalgia; plantar fascial fibromatosis; complex regional pain syndrome (CPRS); status post flexor tendon transfer left, gastrocnemius recession left leg with lengthening of muscle tendon junction left, medical calcaneal displaced osteotomy and removal subtalar joint implant; and post-traumatic stress disorder (PTSD)." (*Id.*). At step three, the ALJ found that Wright "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments …." (*Id.*).

At step four, the ALJ determined that Wright "was unable to perform any past relevant work." (Tr. 69). Specifically, the ALJ found that Wright had the RFC:

[T]o perform light work[,] … except [she] could never climb ladders, ropes, or scaffolds or crawl; occasionally climb ramps/stairs, balance, stoop, kneel, and crouch; perform frequent overhead reaching bilaterally; never be exposed to unprotected heights and dangerous moving machinery; never operate a motor vehicle; perform frequent handling bilaterally; or tolerate moderate noise intensity level as defined in the DOT. [She] could understand, remember and carry out simple instructions and make simple work related decisions; work at a consistent pace throughout the workday but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas; tolerate occasional interaction with coworkers, supervisors and the public; and tolerate occasional changes in work setting.

(Tr. 63-64).

Finally, at step five, the ALJ determined that "considering [Wright's] age, education, work experience, and residential functional capacity, there were jobs that existed in significant numbers in the national economy that [Wright] could have performed." (Tr. 70). Accordingly, the ALJ found that Wright "was not under a disability … at any time from April 28, 2017, the alleged onset date, through June 30, 2018, the date last insured." (Tr. 71).

### d. Analysis

#### i. The Record Presented Does Not Permit the Court to Determine Whether the ALJ's RFC Determination With Respect to Wright's Overhead Reaching Ability is Supported by Substantial Evidence

Wright contends that the ALJ erred by failing to accurately account for her overhead reaching limitations in her RFC determination. (EFC No. 14 at 5). Specifically, Wright argues that in reaching its RFC determination, the ALJ "f[ound] the opinion [of Dr. Henry Scovern] persuasive, except with regard to the limitation on standing/walking. (*Id.*; Tr. 68). However, "despite finding [Dr. Scovern's] opinion [was] supported by and consistent with the record," the ALJ failed to include one of the limitations Dr. Scovern outlined, that is, that Wright could only

reach overhead *occasionally*. (ECF No. 14 at 5). Further, Wright argues that the ALJ's RFC determination that she can engage in *frequent* overhead reaching is "plainly inconsistent" with the record, and therefore remand is warranted. (*Id.* at 6).

The Commissioner responds that the ALJ was not required to adopt Dr. Scovern's findings verbatim. (ECF No. 16 at 15). Instead, the Commissioner asserts that the ALJ properly considered all relevant factors in the record when making the RFC determination, including "clinical studies, an x-ray and MRI of [Wright's] neck conducted before the relevant period," a neck MRA conducted during the relevant period, and an EMG/NCV study conducted two months after the date Wright was last insured. (*Id.* at 15-16; Tr. 430, 432, 595, 636). Taken together, the Commissioner maintains that these medical findings support the ALJ's conclusions that Wright can *frequently* perform overhead reaching. (ECF No. 16 at 16) .

In formulating a claimant's RFC, the ALJ must consider all relevant evidence and accompany that evidence with "a clear and satisfactory explication of the basis on which [his or her RFC determination] rests." *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) (quoting *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" *Koshir, Jr. v. Kijakazi*, 2022 WL 992529 at *4 (W.D. Pa. Mar. 31, 2022) (quoting *Fagnoli*, 247 F.3d at 41)).

Here, the Court finds that the ALJ failed to provide a clear and satisfactory explanation for the basis on which its RFC determination with respect to Wright's overhead reaching ability rests. Indeed, as the record reflects, the ALJ found Dr. Scovern's opinion "persuasive except with

regard to the limitation on standing/walking." (*Id.*). (Tr. 68-69). Dr. Scovern's opinion included

the finding that, "[Wright] can perform light work with... occasionally to frequently performing

all postural activities, [and] occasional overhead reaching bilaterally." (Tr. 68). Further, the ALJ

stated that Dr. Scovern's opinion, including Dr. Scovern's finding that Wright was limited to

"occasional overhead reaching bilaterally," was "consistent with the objective findings of record."

(*Id.*). Notwithstanding the persuasive weight the ALJ attributed to Dr. Scovern's opinion, and the

objective findings of record the opinion was consistent with, the ALJ provided no explanation as

to why Dr. Scovern's conclusion that Wright can perform *occasional* overhead reaching was

rejected, and the ALJ's RFC finding that Wright can perform *frequent* overhead reaching was

substituted for Dr. Scovern's opinion. (*Compare* Tr. 63 *with* Tr. 68-69). Put simply, the Court finds

that (1) the ALJ failed to adequately explain why she rejected Dr. Scovern's opinion that Wright

could only occasionally overhead reach, and (2) the ALJ failed to provide a clear and satisfactory

explanation for the basis of its RFC determination that Wright can "perform *frequent* overhead

reaching bilaterally." (Tr. 63) (emphasis added).

     In sum, the record presented does not permit the Court to determine whether the ALJ's

RFC determination with respect to Wright's overhead reaching ability is supported by substantial

evidence.  Accordingly, the Court will remand this case so that the ALJ can more clearly explain

how she came to her RFC findings with respect to Wright's overhead reaching ability.

### ii. The ALJ's RFC Determination Adequately Addressed Wright's Standing/Walking Limitations and is Supported by Substantial Evidence

     Wright contends that the ALJ's RFC determination failed to include a standing/walking

limitation without providing a sufficient explanation supported by the record. (EFC No. 14 at 8).

Wright notes the ALJ's statement that Dr. Scovern's standing/walking limitation was "inconsistent with diagnostic findings of arthritic changes but a well aligned ankle." (*Id.* at 13) (internal quotation marks omitted). However, Wright claims a standing/walking limitation was still required because the diagnostic imaging showed "increased signal intensity distally in the tibialis posterior tendon consistent with tendinosis and partial tear ... and mild left posterior tibial motor neuropathy." (*Id.*). Further, Wright contends the ALJ's assertion that "clinical findings showed no instability, only inconsistent gait deficits, and at least 4/5 motor power of the left foot" is not supported by the record. (*Id.*) (internal quotation marks omitted). Instead, Wright argues the record shows lower leg instability, a diagnosis of tarsal tunnel syndrome, use of a brace, and pain aggravated by weight bearing. (*Id.*).

In response, the Commissioner argues that the ALJ's RFC determination with respect to Wright's standing/walking limitation is supported by substantial evidence. (ECF No. 16 at 12). Specifically, the Commissioner points to the ALJ's analysis of the clinical studies performed before and after Wright's alleged onset date. (*Id.* at 13). Following this comparison, the Commissioner asserts the ALJ correctly rejected Dr. Scovern's walking/standing limitation and adequately accounted for Wright's lower extremity impairments by prohibiting "crawling, climbing ladders, ropes, and scaffolds, operating motor vehicles, and exposure to heights and dangerous moving machinery; and restricting her to only occasional climbing of ramps/stairs, balancing, stooping, kneeling, and crouching.(*Id.* at 14-15).

Here, the ALJ's RFC determination with respect to Wright's standing/walking limitation is supported by substantial evidence. The ALJ found that Wright had the RFC to perform light work, indicating no limitation on her ability to stand/walk. (Tr. 63-64). In making this

determination, the ALJ found Dr. Scovern's medical opinion "persuasive except with regard to the limitation on standing/walking." (Tr. 68). The ALJ explained that Dr. Scovern's limitation on standing/walking was "not consistent with the diagnostic findings of arthritic changes but a well-aligned ankle or the objective clinical findings showing no instability, only inconsistent with gait deficits, and at least 4/5 motor power of the left foot." (Tr. 69). The ALJ further incorporated her prior discussion of Wright's left foot/ankle/leg symptoms (*see* Tr. 65-67, 69), including the objective findings and treatment history. (Tr. 66-67). Therefore, the Court finds that the ALJ properly considered the supportability and consistency of Dr. Scovern's standing/walking medical opinion in relation to other objective evidence and medical opinions. *See* 20 C.F.R. § 404.1520c(b)(2).

### iii.   The ALJ Did Not Err in Considering Wright's Subjective Complaints

Lastly, Wright contends that the ALJ improperly evaluated her subjective complaints. (EFC No. 14 at 14). Specifically, Wright asserts the ALJ failed to appreciate the nature, location, and intensity of her pain, failed to thoroughly discuss all of the treatment options she pursued, and failed to acknowledge the limits and modifications to her daily life. (*Id.* at 17-21).

In response, the Commissioner contends that although the ALJ must consider Wright's subjective complaints, the ALJ may discount those complaints when they are unsupported by medical evidence. (ECF No. 16 at 17-18). The Commissioner asserts that the ALJ properly evaluated Wright's complaints against the medical evidence on the record. (*Id.* at 18).

In making the RFC determination, the ALJ is required to consider the claimant's statements regarding her pain and symptoms. 20 C.F.R. § 404.1529(a). However, the claimant's statements are not sufficient, standing alone, to establish the claimant is disabled. *Id.* The ALJ

must determine whether the claimant's subjective complaints are "reasonably consistent with the objective medical evidence and other evidence." *Id.* The ALJ may discount a claimant's subjective complaints if they are inconsistent with the objective medical evidence. *See Cosme v. Comm'r Soc. Sec.*, 845 F. App'x 128, 133 (3d Cir. 2021); *see also* 20 C.F.R. § 404.1529(c)(4).

Here, the Court finds that the ALJ properly considered Wright's subjective complaints, finding that Wright's impairments "could reasonably be expected to cause the alleged symptoms." (Tr. 66). However, the ALJ found that Wright's testimony regarding the intensity, persistence and limiting effects of the symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*). Following a thorough evaluation of the medical record (Tr. 66-68), the ALJ incorporated Wright's allegations in the limitation to light work. (Tr. 68). Therefore, the Court finds substantial evidence supports the ALJ's evaluation of Wright's subjective complaints and the ALJ did not err in considering Wright's subjective complaints.

IV.   **Conclusion**

Under Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options: (1) affirm the decision; (2) reverse the decision and award benefits directly to a claimant; or (3) remand the matter to the Commissioner for further consideration.  42 U.S.C. § 405(g).  In light of the Court's objective review of all evidence contained in the record, the Court finds that (1) the record presented does not permit the Court to determine whether the ALJ's RFC determination with respect to Wright's overhead reaching ability is supported by substantial evidence, (2) the ALJ's RFC determination with respect to Wright's standing/walking limitations is supported by substantial evidence, and (3) the ALJ adequately addressed Wright's subjective complaints. Therefore, the Court will remand the case

for further consideration in light of this Memorandum Opinion. For the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARCELL SPOHN WRIGHT,     )     Case No. 3:20-cv-100
                          )
            Plaintiff,    )     JUDGE KIM R. GIBSON
                          )
    v.                    )
                          )
COMMISSIONER OF SOCIAL    )
SECURITY,                 )
                          )
            Defendant.    )

## ORDER

**AND NOW**, this _8th_ day of April, 2022, upon consideration of Plaintiff's Motion for

Summary Judgment, (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 15),

and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY**

**ORDERED** that Plaintiff's motion for summary judgment (ECF No. 13) is **GRANTED IN PART**

to the extent that Plaintiff seeks remand for further consideration. The decision of the

Commissioner of Social Security is **HEREBY VACATED**, and this matter is **REMANDED** to the

Commissioner for further proceedings consistent with the Memorandum Opinion attached

hereto. **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No.

15) is **DENIED.**

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**